**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARYL ATTKISSON, )<br>22697 Hillside Circle )<br>Leesburg, VA 20175, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HEALTH )<br>& HUMAN SERVICES, )<br>200 Independence Avenue, S.W. )<br>Washington, DC 20201, )<br>)<br>          Defendant. )<br>) | Civil Action No. |

## COMPLAINT

Plaintiff Sharyl Attkisson brings this action against Defendant U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Sharyl Attkisson is a private citizen residing in Leesburg, Virginia. She is an Emmy award winning investigative journalist and author.

4. Defendant U.S. Department of Health and Human Services is an agency of the U.S. Government and is headquartered at 200 Independence Avenue, S.W., Washington, DC 20201. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5.      On June 17, 2014, Plaintiff sent four FOIA requests to the Centers for Medicare and Medicaid Services ("CMS"), a component of Defendant, seeking the production of agency records concerning healthcare.gov.   Specifically, Plaintiff sought copies of:

A. All materials, communications, emails and/or documents in which HHS Secretary Kathleen Sebelius and/or CMS Administrator Marilyn Tavenner is copies and/or a party to, which mention and/or refer to, whether directly or indirectly, enrollment figures regarding healthcare.gov, FMM, and/or state exchanges.   This request includes, but is not limited to, actual enrollment data; any decision(s) related to whether to not and/or when to make the information public; the decisions(s) and/or discussions about waiting until November of 2013 to make the information public; and talking points or communications regarding public statements and/or preparation for Congressional testimony.

B. All communications, whether written or otherwise recorded, including but not limited to: emails, memos, report and phone records that mention, pertain to, or otherwise refer to, whether directly or indirectly, tests and/or assessments of any sort surrounding the Federally Facilitated Marketplace, healthcare.gov, the Data Hub, or any other component related to the Affordable Care Act. This includes, but is not limited to, performance tests, security tests and functionality tests.   The scope of this request is limited to the time period from June 1, 2013 to present.

C. All communications, whether written or otherwise recorded, including but not limited to: emails, memos, report and phone records that mention, pertain to, or otherwise refer to, whether directly or indirectly, performance tests and or assessments and/or their results conducted regarding healthcare.gov between September 15, 2013 and September 30, 2013.   This request includes, but is not limited to, tests in which CMS employees took part as mock users trying out the website prior to its launch.

D. All emails, records, documents and other communications, whether written or otherwise recorded, regarding FOIA requests made about healthcare.gov, whether by name or implication, in which the following CMS officials are a sender and/or receiver and/or a party to and/or mentioned, whether by name or implication: Janis Nero; Joseph Tripline; Deborah Peters, Vendetta Dutton; and Danean Jones.   Please note the records request is specifically for communications dating from May 12, 2014 to present.

6. Plaintiff submitted all four FOIA requests via electronic mail to FOIA_Request@cms.hhs.gov as prescribed by Defendant on its website.

7. By letters dated June 27, 2014 and July 10, 2014, Defendant acknowledged receipt of three of Plaintiff's FOIA requests and assigned them Control Numbers 061820147012, 061820147013, and 061820147014. Defendant did not identify which FOIA request was assigned which control number. Nor did Defendant acknowledge receipt of the other FOIA request.

8. Defendant was required to determine whether to comply with Plaintiff's requests within 20 days of receipt of the FOIA requests, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determinations, the reasons therefor, and the right to appeal any adverse determinations to the head of the agency. Excluding weekends and the intervening Independence Day (July 4, 2014) holiday, Defendant was required to make its determinations and provide Plaintiff with the requisite notifications by July 16, 2014.

9. As of the date of this Complaint, Defendant has failed to make any determinations about whether it will comply with Plaintiff's four FOIA requests, notify Plaintiff of any determinations, or notify Plaintiff of her right to appeal any adverse determinations to the head of the agency. Nor has Defendant produced any records responsive to her requests, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

10. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to her four FOIA requests.

### COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's four FOIA requests, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's four FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's four FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's four FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 8, 2014 			Respectfully submitted,

			/s/ Michael Bekesha
			Michael Bekesha
			D.C. Bar No. 995749
			JUDICIAL WATCH, INC.
			425 Third Street S.W., Suite 800
			Washington, DC 20024
			(202) 646-5172

			*Counsel for Plaintiff*